

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-94,792-04

### EX PARTE ROBERT NICHOLAS SIMMONS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 17FC-3271-H(1) IN THE 347TH DISTRICT COURT
### FROM NUECES COUNTY

**SLAUGHTER, J., filed a concurring opinion.**

### <u>CONCURRING OPINION</u>

I join in the Court's decision to grant Applicant post-conviction habeas relief in the form of an out-of-time petition for discretionary review. I write separately so I may continue to emphasize the importance of appellate counsel's duty to provide timely and accurate information to clients regarding the right to file a *pro se* PDR following the resolution of a direct appeal. In this case, appellate counsel wholly failed to inform Applicant of this right, thereby depriving Applicant of the opportunity to pursue review in

this Court. This situation happens far too frequently and is a troubling sign that many appellate attorneys are routinely failing to carry out their duties in this regard, resulting in unfairness to clients and excessive post-conviction litigation to correct such errors.

## I.     Background

On July 1, 2022, Applicant was convicted of intoxication manslaughter and sentenced to 15 years' imprisonment. On July 13, 2023, the Thirteenth Court of Appeals issued its opinion affirming the judgment as modified. *Simmons v. State*, 672 S.W.3d 821, 825 (Tex. App.—Corpus Christi–Edinburg 2023, no pet.).[1] Because no motion for rehearing was filed, the deadline to file a petition for discretionary review occurred 30 days later.[2] However, no petition was filed.

In the instant post-conviction habeas application, Applicant alleges that, although appellate counsel mailed him a copy of the court of appeals' opinion shortly after its issuance, she failed to include any information about his right to file a *pro se* PDR. Applicant alleges that he was unaware that he could file a *pro se* PDR until a fellow inmate made him aware of that fact, around one week before the filing deadline. Applicant further asserts that he did not realize he could have requested an extension of time from this Court,

---

[1] Applicant was originally convicted of intoxication manslaughter and manslaughter. The court of appeals held that those are the same offense for double-jeopardy purposes. *Simmons v. State*, 672 S.W.3d 821, 829 (Tex. App.—Corpus Christi–Edinburg 2023, no pet.) (citing *Ervin v. State*, 991 S.W.2d 804, 817 (Tex. Crim. App. 1999)). Accordingly, it modified the judgment to reflect that Applicant was convicted only of intoxication manslaughter. *Id.*

[2] *See* TEX. R. APP. P. 68.2(a) ("The petition must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals.").

pursuant to Rule of Appellate Procedure 68.2(c), which would have provided him additional time in which to prepare and file his PDR.

In response to Applicant's claim, appellate counsel filed an affidavit in the habeas court explaining that she timely mailed Applicant a copy of the court of appeals' opinion. Included in that correspondence, counsel also attached an appellate timetable for filing a PDR. That document contained a column indicating that an Appellant's PDR is due "30 days after COA's opinion issues or 30 days after MRH overruled by COA," and it provided citations to "TRAP 9.3(b) and TRAP 68.1 et seq." Nowhere did the timetable explain that Applicant had the right to file a *pro se* PDR. Appellate counsel emphasized in her affidavit that Applicant admitted to having known about his right to file a *pro se* PDR "at least one week before [the filing] deadline."

The habeas court found that appellate counsel's conduct in appending the PDR timetable to her correspondence was inadequate to inform Applicant of his right to file a *pro se* PDR. Therefore, the habeas court found that appellate counsel was deficient. However, the court further found that that Applicant "was made aware of his right to file a *pro se* PDR by another inmate about a week later and at least one week prior" to the filing deadline, and he "took no action" before the deadline. Given the circumstances, the habeas court found that Applicant would not have timely filed a *pro se* PDR even if appellate counsel had properly notified him. Thus, the habeas court concluded that Applicant failed to prove the prejudice prong of an ineffective-assistance claim, and it recommended that this Court deny relief.

## II.   Appellate Counsel's Duties under the Texas Rules of Appellate Procedure

Criminal defendants have a constitutional right to the effective assistance of counsel. U.S. CONST. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). This right to effective assistance extends to the first direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 395–96, 105 S. Ct. 830, 83 L.Ed.2d 821 (1985); *Ward v. State*, 740 S.W.2d 794, 799 (Tex. Crim. App. 1987). Although a criminal defendant has no right to the assistance of counsel for purposes of actually pursuing discretionary review, appellate counsel still has a duty to timely notify the defendant of his right to file a *pro se* PDR. *In re Schulman*, 252 S.W.3d 403, 411 (Tex. Crim. App. 2008) (detailing appellate counsel's duties to clients upon denial of relief on appeal). This obligation is expressly codified in the Texas Rules of Appellate Procedure:

> In criminal cases, the attorney representing the defendant on appeal shall, **within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68**. This notification shall be sent certified mail, return receipt requested, to the defendant at his last known address. The attorney shall also send the court of appeals a letter certifying his compliance with this rule and attaching a copy of the return receipt within the time for filing a motion for rehearing. The court of appeals shall file this letter in its record of the appeal.

TEX. R. APP. P. 48.4 (emphasis added). Thus, as Rule 48.4 clearly states, appellate counsel *must* "within five days after the opinion is handed down" (1) send a copy of the court of appeals' opinion and written notification of the defendant's right to pursue a *pro se* PDR; (2) send that notification via certified mail, with a return receipt requested; and (3) send a letter to the court of appeals certifying compliance with the requirements of Rule 48.4. If counsel fails to fulfill these duties and that failure prejudices a defendant's ability to file a

PDR, then ineffective assistance of counsel is established, and the defendant is entitled to an out-of-time PDR. *See Ex parte Wilson*, 956 S.W.2d 25, 26 (Tex. Crim. App. 1997) (per curiam) ("If appellate counsel's action or inaction denies a defendant his opportunity to prepare and file a petition for discretionary review, that defendant has been denied his sixth amendment right to effective assistance of counsel."); *see also Ex parte Riley*, 193 S.W.3d 900, 902 (Tex. Crim. App. 2006) ("Normally, when an appellant is not informed of the decision of the court of appeals by his attorney in time for him to file a petition for discretionary review, it will be ineffective assistance of counsel.").

In this case, it is readily apparent that appellate counsel failed to comply with Rule 48.4's requirements. Simply attaching the appellate timetable, without any accompanying explanation of Applicant's ability to pursue a *pro se* PDR, was inadequate to inform Applicant of his rights. Thus, the only real question here is one of prejudice. We have explained that when counsel's conduct leads to the deprivation of an entire proceeding, prejudice is shown simply by demonstrating that the applicant would have availed himself of that proceeding. *See, e.g.*, *Ex parte Owens*, 206 S.W.3d 670, 675 (Tex. Crim. App. 2006) (explaining that, to establish prejudice stemming from a claim that appellate counsel's error deprived the defendant of an entire proceeding, all the defendant must show is that he "would indeed have pursued that [proceeding]"); *Ex parte Crow*, 180 S.W.3d 135, 138 (Tex. Crim. App. 2005) (establishing prejudice in this context requires a showing that "absent counsel's conduct, the appellant would have timely filed a PDR"). I agree with the Court that this standard was satisfied here, such that Applicant is entitled to an out-of-time PDR. The habeas court seemed to believe that because Applicant did not take any steps to

file his PDR immediately after finding out about that process from another inmate, this meant that Applicant was not credible in stating that he would have timely filed his PDR but for counsel's error. But this reasoning overlooks the fact that Applicant found out about the PDR process from his fellow inmate just a week before the filing deadline. It is not reasonable to assume that a *pro se*, incarcerated litigant could prepare and file his PDR in one week. Applicant should not be penalized for failing to do so here, particularly when he alleges that he was unaware he could have requested an extension. He has been diligent in pursuing an out-of-time PDR, filing the instant habeas application just two months after the appellate mandate issued in his case. There is no basis in the record to refute Applicant's assertion that he would have timely filed his PDR but for counsel's error. *See Crow*, 180 S.W.3d at 139 (suggesting that relief may be granted based on Applicant's allegations absent "controverting evidence suggesting that he would not have filed a PDR").

## III. Appellate Counsel's Duties Under the Rules of Professional Conduct

More generally, I also note that the Texas Disciplinary Rules of Professional Conduct require lawyers to keep clients reasonably informed of any case developments and to effectively communicate with their clients in a manner that permits the clients to make informed decisions related to their cases. Tex. Disciplinary Rules Prof'l Conduct R. 1.03(a)–(b). Further, in representing a client, a lawyer "shall not neglect a legal matter entrusted to the lawyer." *Id.* R. 1.01(b)(1). Ultimately, appellate counsel's failure to inform Applicant of his right to file a *pro se* PDR fell short of the standards of professionalism set forth in the disciplinary rules and resulted in harm to Applicant by depriving him of a due process right. Such failure also places unnecessary burdens on the courts and causes

judicial inefficiency that wastes taxpayer dollars. I certainly understand and acknowledge that we are all human beings who make mistakes. But, as I have said many times now, based on the sheer volume of cases in which this or similar problems arise, this can no longer be considered a simple mistake. Rule 48.4's requirements are clear, and appellate attorneys must take steps to ensure that the rule's requirements are met. Because of the significant amount of judicial resources this Court and habeas courts expend resolving such claims, it is my ethical obligation to bring attention to this issue so that attorneys may be reminded of the effect of failing to fulfill these obligations. *See* Tex. Jud. Code Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action."). It is my hope that by highlighting this all-too-frequent problem, attorneys will be motivated to take steps to ensure that such situations do not occur in the future.

## IV.    Conclusion

With these comments, I join the Court's opinion granting Applicant an out-of-time PDR.

Filed: September 4, 2024

Publish